# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) ) ) | |
| Plaintiff, | ) ) | No. 17-347C |
| v. | ) ) ) | Judge Patricia E. Campbell-Smith |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES' UNOPPOSED MOTION TO STAY PROCEEDINGS UNTIL JUNE 30, 2017

The United States respectfully moves the Court to stay this action until June 30, 2017. The United States requests that the Court order the parties to submit a joint status report by June 23, 2017 advising the Court whether the parties contend that the stay should be lifted or continued. After consultation with opposing counsel, Plaintiff Blue Cross and Blue Shield of Alabama ("BCBSA") does not oppose this request.

### I. Background

On March 14, 2017, BCBSA filed this action seeking approximately $90 million in money damages under Section 1342 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18062, and 45 C.F.R. § 153.510(b), and for breach of an implied-in-fact contract. Dkt. 1. The United States' response to the Complaint is currently due on May 15, 2017.

This is one of 23 cases filed over the past year in this Court seeking relief under identical and related legal theories to those asserted by BCBSA. *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.); *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Blue Cross and Blue Shield of North Carolina ("BCBSNC") v. United States*, No. 16-651C (Griggsby, J.); *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.),

*appeal docketed*, No. 17-1994 (Fed. Cir. May 9, 2017); *Land of Lincoln Mutual Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.), *appeal docketed*, No. 17-1224 (Fed. Cir. Nov. 16, 2016); *Maine Cmty. Health Options v. United States*, No. 16-967C (Bruggink, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Smith, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams, J.); *Blue Cross of Idaho Health Service, Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.); *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.); *Neighborhood Health Plan, Inc. v. United States*, No. 16-1659C (Smith, J.); *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.); *HPHC Insurance Co., Inc. v. United States*, No. 17-87C (Griggsby, J.); *Medica Health Plans v. United States*, No. 17-94C (Horn, J.); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C (Braden, J.); *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.); *Blue Cross and Blue Shield of Alabama v. United States*, No. 17-347C (Campbell-Smith, J.); *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.); *Raymond Famer v. United States*, No. 17-347C (Campbell-Smith, J.).

The United States contends that the cases involve several technically-detailed provisions of the ACA and raise significant jurisdictional issues as well as complex issues of appropriations law. The cases implicate a total of $8.3 billion in the 2014 and 2015 benefit years.

On November 10, 2016, this Court entered the first decision in these cases in *Land of Lincoln*, in favor of the United States, and Land of Lincoln filed a notice of appeal from that judgment. Briefing is expected to be complete by May 22, 2017. In *Moda Health Plan*, the Court granted partial summary judgment on liability for the plaintiff and subsequently entered final

judgment for the plaintiff. *Moda*, 130 Fed. Cl. 436 (2017). The United States filed a notice of appeal from that judgment on May 4, 2017.

An additional case has reached the merits. In *Blue Cross Blue Shield of North Carolina* (BCBSNC), the Court dismissed the complaint on the ground that the ACA and its implementing regulations do not require full, annual risk corridors payments. *BCBSNC*, -- Fed Cl. --, 2017 WL 1382976, at *15-17 (April 18, 2017).

Dispositive motions have been fully briefed and are pending a decision in four other cases: *First Priority*, *Health Republic*, *Montana Health*, and *Maine Community Health Options*. *Health Republic* has been certified as a class action and cross-motions for summary judgment are pending. In addition, a stay has already been entered in nine other cases: *New Mexico Health Connections*, *Minuteman Health*, *BCBSM*, *Alliant Health Plans*, *Blue Cross of Idaho Health Service*, *Blue Cross and Blue Shield of South Carolina*, *Neighborhood Health Plan*, *Medica Health Plans*, and *Sanford Health Plan*.

## II.    A Stay Is Proper and Will Conserve Substantial Resources

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal punctuation omitted). The Supreme Court has highlighted the conservation of judicial resources as an important reason for a trial court to stay proceedings in any matter pending before it, particularly where the appellate court may resolve issues before the trial court. *Landis*, 299 U.S. at 254-55; *UnionBanCal Corp. & Subsidiaries v. United States*, 93

Fed. Cl. 166, 167 (2010) ("The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Indeed, the Supreme Court also recognized that in cases of great complexity and significance, like the risk corridors issues in this case, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, a decision by the Federal Circuit would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256

Because the legal issues presented in this case mirror the issues raised in *Land of Lincoln* and *Moda*, and other previously-filed risk corridors cases, a stay here will conserve judicial resources and the resources of both parties by potentially reducing the amount of briefing of issues already pending before the Federal Circuit and this Court.

Accordingly, the United States seeks a stay until June 30, 2017. The United States proposes that the parties submit a joint status report to the Court by June 23, 2017 advising the Court whether the parties contend that the stay should be lifted or continued.

## III. Conclusion

For these reasons, the United States respectfully requests that the Court stay this case until June 30, 2017.

Dated: May 11, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

/s/ Marc S. Sacks
MARC S. SACKS
CHARLES E. CANTER
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
TERRANCE A. MEBANE
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 11, 2017, I electronically filed the foregoing UNITED STATES' UNOPPOSED MOTION TO STAY PROCEEDINGS UNTIL JUNE 30, 2017 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                                  /s/ Marc S. Sacks
                                                  MARC S. SACKS
                                                  Commercial Litigation Branch
                                                  Civil Division
                                                  United States Department of Justice